UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KENNETH MCCLELLAND,

Plaintiff,

v.

ISIDRO BACA, et al.,

Defendants.

Case No. 3:15-cv-00450-RCJ-VPC

ORDER

Before the court is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, submitted by Kenneth McClelland, a Nevada state prisoner (ECF No. 1-1). He has now paid the filing fee (*see* ECF No. 4).

Petitioner has also submitted a motion for the appointment of counsel (ECF No. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise. Counsel is not justified at this time.

1

Next, it appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner's judgment of conviction was entered on January 12, 2010. The Nevada Supreme Court affirmed the convictions on July 7, 2010. McClelland states that the district court denied his first state habeas petition on December 6, 2011 and that his counsel inadvertently failed to file an appeal. McClelland attaches a Nevada Supreme Court order affirming the denial of his second state postconviction petition, which he filed *pro se.* The order is dated January 15, 2015 and indicates that McClelland filed the second state petition on May 14, 2014. As it was filed nearly four years after the issuance of remitter on direct appeal, the state supreme court concluded that the second petition was untimely. Remittitur issued February 10, 2015. The instant federal habeas petition was handed to a correctional officer for mailing on August 25, 2015. Thus the federal petition was filed well beyond the one-year time limitation contained in the statute, which would have run from the expiration of McClelland's time to appeal his first state petition.

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds, *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that

2

either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that the Clerk **shall file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on the respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** from service of petitioner's response to the show-cause order to file and serve their response, if any.  Any other requests for relief by petitioner or respondents by motion are otherwise subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

**IT IS FURTHER ORDERED** that the parties SHALL SEND courtesy copies of all exhibits to the Reno Division of this court.  **While the Local Rules provide that parties should send paper courtesy copies of filings over fifty pages, in this instance, courtesy copies may be in paper form or as PDF documents saved to a CD–so long as each PDF is clearly identified by exhibit number.**  Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label.  Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

**IT IS FURTHER ORDERED** that the Clerk shall detach and file petitioner's motion for appointment of counsel (ECF No. 1-2). The motion for appointment of counsel is **DENIED**.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE