UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KENNETH MCCLELLAND,

                    Petitioner,

v.

ISIDRO BACA, et al.,

                    Respondents.

Case No. 3:15-cv-00450-RCJ-VPC

ORDER

    Petitioner Kenneth McClelland's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is before the court on his response to this court's show-cause order as to why the petition is not subject to dismissal as time-barred (ECF No. 9). Respondents also filed a response (ECF No. 10), to which McClelland replied (ECF No. 12).

    The state-court records filed by respondents and the parties' briefs reflect the following. The Nevada Supreme Court affirmed McClelland's convictions on June 9, 2010, and remittitur issued on July 9, 2010 (exhibits 3 and 4 to respondents' response to the show-cause order).[1] The state district court, after an evidentiary hearing, denied his counseled state postconviction habeas petition on December 2, 2011 (ECF No. 10, p. 3). Petitioner did not appeal to the Nevada Supreme Court. On May 14, 2014, McClelland filed his second state postconviction petition; the Nevada Supreme Court affirmed the dismissal of the petition on January 15, 2015, and remitter issued on

---

[1] The exhibits referenced in this order are exhibits to respondents' response to the show-cause order, ECF No. 10, and are found at ECF No. 11.

1

January 15, 2015. *Id.* McClelland indicated on the face of this federal petition that he dispatched it for mailing on August 25, 15, which was well beyond the one-year statute of limitations (ECF No. 6, p. 1). 28 U.S.C. § 2244(d)(1)(A).

McClelland does not dispute that this federal petition was filed after the expiration of the AEDPA statute of limitations. He wrote in his response to the show-cause order that his counsel failed to appeal the denial of his first state postconviction petition and failed to notify McClelland that he was not going to file an appeal (ECF No. 9, pp. 3-4). McClelland alleges that his counsel told him forty days after the deadline to file an appeal that he had failed to file the notice of appeal and that counsel visited petitioner twice to tell petitioner that he intended to help petitioner and was "going over the case with a fine-tooth comb for issues." *Id.* at 4-5. McClelland states that he was unaware of the deadline to file a federal habeas petition. *Id.* at 5. He claims generally that he repeatedly contacted counsel via phone to inquire about the status of his appeal. *Id.* at 7.

As respondents note, McClelland bears the burden of proving he is entitled to equitable tolling. *Calderon v. U.S.D.C. (Kelly)*, 127 F.3d 782, 786 (9th Cir. 1997). Equitable tolling is warranted only by "extraordinary circumstances beyond the petitioner's control which made it impossible to file a timely federal habeas petition." *Fail v. Hubbard*, 315 F.3d 1059, 1061-62 (9th Cir. 2001) (emphasis added); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). A *pro se* petitioner's lack of legal sophistication by itself or his lack of awareness of or inability to calculate the limitations period does not constitute extraordinary circumstances warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Equitable tolling cannot be invoked by "what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Further, the petitioner must have been pursuing his rights diligently. *Id.* Alleged diligence on the part of petitioner does not itself satisfy equitable tolling requirements. *Miles*, 187 F.3d at 1107.

Equitable tolling is unavailable in most cases; the threshold is very high, lest the exception swallow the rule. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles*, 187 F.3d at 1107. The extraordinary circumstances must be the cause of the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Respondents argue that McClelland's allegations do not demonstrate that extraordinary circumstances made it impossible for him to timely file a federal petition (ECF No. 10, p. 12). Respondents point out that McClelland asserts that he repeatedly contacted his counsel by phone, but he provided no details whatsoever—no dates, no timeframes, no descriptions of the conversations or references to with whom he spoke.[2] Notably, in McClelland's reply to respondents' response he repeats his vague allegations and adds no specifics (ECF No. 12). McClelland also filed a second, *pro se*, state postconviction petition, but he does not explain what extraordinary circumstance prevented him from filing a federal petition. And finally, McClelland states that he was unaware of the AEDPA statute of limitations. However, such ignorance of the law is not an extraordinary circumstance and does not entitle him to equitable tolling. *Rasberry v. Garcia*, 448 F.3d at 1154. McClelland has failed to demonstrate that extraordinary circumstances prevented him from filing his federal petition or that he diligently pursued his rights. *See, e.g., Calderon*, 128 F.3d at 1288. McClelland has failed to meet his burden of demonstrating that he is entitled to equitable tolling of the one-year limitations period.

In conclusion, petitioner's federal petition is untimely. Petitioner has failed to demonstrate a sufficient basis for equitable tolling or to excuse the statute of limitations.

---

[2] The one exception is that McClelland states that his state postconviction counsel first contacted him forty days after the deadline to appeal the denial of his first state postconviction petition (ECF No. 9, pp. 3-4).

Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

Accordingly, the petition shall be dismissed with prejudice as untimely.

**IT IS THEREFORE ORDERED** that the petition is **DISMISSED** with prejudice as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this petition to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: This 7th day of June, 2016.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE